IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WILLIE MALONE, JR., #292690,  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        CIVIL ACTION NO. 2:14-cv-318-MHT
                                   )
MR. ROGER (ICS Officer) and        )
PATRICK HAMPTON,                   )
                                   )
            Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

John Willie Malone, Jr. ("Malone"), an indigent state inmate currently incarcerated at the

Easterling Correctional Facility.  In the complaint, Malone alleges that Defendants cursed,

threatened and harassed him on two separate and distinct occasions - Mr. Roger during the

intake strip search and Mr. Hampton due to his sleeping in a group treatment session.

Pursuant to the orders of this court, Defendants filed a written report supported by

relevant evidentiary materials in which they address the claims for relief presented by

Malone.   The report and supporting evidentiary materials refute the self-serving,

conclusory allegations presented by Malone in the complaint.  Specifically, Defendant

Roger denies he cursed, threatened or harassed Malone during the strip search and

maintains he conducted the search in an appropriate manner to determine whether Malone

had contraband hidden on his person when entering Easterling from another correctional

facility.  Defendant Hampton, a substance abuse counselor, states that when he attempted to address the issue of Malone sleeping during a group treatment session Malone became combative and used excessive profanity towards him causing him to seek assistance from a correctional officer in removing Malone from the session.

In light of the foregoing, the court issued an order directing Malone to file a response to Defendants' written report.  *July 16, 2014 Order - Doc. No. 9*.  This order advised Malone that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Malone for filing a response in compliance with the directives of this order expired on July 30, 2014.  As of the present date, Malone has failed to file a response in opposition to Defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Malone is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.

Additionally, the undisputed evidentiary materials submitted by Defendants indicate that they did not act in violation of Malone's constitutional rights.  Furthermore, Malone's failure to file a response in opposition to the report indicates a lack of interest in proceeding on his claims.  It therefore appears that any additional effort by this court to secure Malone's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 22, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

3

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of August, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE